IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 21-59 |
| THOMAS ROMSPERT | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Rebecca L. Silinski, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I.     THE INDICTMENT

A federal grand jury returned a three-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One-Three | Attempted Production and Production of Material Depicting the Sexual Exploitation of a Minor | 18 U.S.C. §§ 2251(a), 2251(e) |
| | On or about July 19, 2020<br>On or about August 16, 2020<br>On or about September 28, 2020 | |

FILED

FEB 16 2021

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

### II.     ELEMENTS OF THE OFFENSES

**As to Counts 1 through 3:**

In order for the crime of Attempted Production or Production of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2251(a) and 2251(e),

to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant attempted to and did employ, use, persuade, induce, entice or coerce a minor to engage in sexually explicit conduct, or attempted to do so, as those terms are defined in Title 18, United States Code, Section 2256.

Title 18, United States Code, Section 2251(a).

2. That the defendant intended that the minor engage in sexually explicit conduct.

Title 18, United States Code, Section 2251(a).

3. That the purpose for using, persuading, inducing or enticing the minor to engage in such conduct, or attempting to do so, was to produce a visual depiction of such conduct.

Title 18, United States Code, Section 2251(a).

4. That the production of the visual depiction involved the use of materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, or that the defendant knew or had reason to know that such visual depiction would be transported in interstate or foreign commerce or mailed, or that the visual depiction had actually been transported in interstate or foreign commerce or mailed.

Title 18, United States Code, Section 2251(a).

### III.   PENALTIES

**As to Counts 1-3: Attempted Production and Production of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2251(a) and 2251(e)):**

1. Imprisonment of not less than fifteen (15) years, nor more than thirty (30) years, but if such person has a prior conviction (Title 18, United States Code, Chapter 110, Chapter

71, Chapter 109A, Chapter 117, or under Section 920 of Title 10) or under the laws of any state relating to the sexual exploitation of children, such person shall be imprisoned for not less than twenty-five (25) years, nor more than fifty (50) years, but if such person has two such prior convictions, such person shall be imprisoned not less than thirty-five (35) years, nor more than life (18 U.S.C. § 2251(d)).

        2.      A fine of $250,000.00 (18 U.S.C. § 3571(b)(3)).

        3.      Supervised release for any term of years not less than 5, or life (18 U.S.C. § 3583(k)).

        4.      Any or all of the above.

### IV.   MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

With respect to Counts One through Three of the Indictment, an additional special assessment of $5,000.00 must be imposed at each count upon which the defendant is convicted, as the offenses were committed after May 29, 2015, and the offenses are located within Chapter 110 of Title 18, United States Code. 18 U.S.C. § 3014(a).

Further, with respect to Counts One through Three of the Indictment, pursuant to 18 U.S.C. § 2259A(a)(3), an additional special assessment of not more than $50,000.00, shall be imposed at each count upon which the defendant is convicted, as the offenses were committed after December 7, 2018, and the offenses are for child pornography production as defined in 18 U.S.C. § 2259(c)(1).

## V. RESTITUTION

Restitution may be required in this case as to Counts One through Three, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 2259.

## VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


*s/ Rebecca L. Silinski*
REBECCA L. SILINSKI
Assistant U.S. Attorney
PA ID No. 320774
